TITLE GUARANTY & SURETY CO. v. BARNWELL et al.†

(No. 1489.)

(Court of Civil Appeals of Texas. Texarkana. June 8, 1915. Rehearing Denied June 17, 1915.)

1. APPEAL AND ERROR ☞219—REVIEW—OBJECTION NOT MADE BELOW—FINDINGS AND CONCLUSIONS.

In an action against a contractor and his surety for damages for breach of a building contract, the court's finding that no substantial change was made from the plans and specifications, and that the slight change made in the building material was authorized by the contract, to which no objection was made, must be taken as true, as against a contention on appeal that the owner and contractor without knowledge of the surety made a substantial change in the original contract.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1315, 1317–1320, 1322, 1323; Dec. Dig. ☞219.]

2. CONTRACTS ☞354—ACTION FOR BREACH—JUDGMENT—SUPPORT IN FINDINGS.

In an action against a contractor and his surety for damages for breach of building work, the specifications of which provided that payments would be made weekly in the proportion of work to total labor and materials furnished and worked into buildings, less 25 per cent. of estimates, at option of owner, and that the architect should estimate the work done and material furnished and issue his certificate for 75 per cent. of the cost, where defendants claimed a substantial change in the building and a payment to the contractor in violation of the terms of the contract, a finding that there were no substantial changes in the building, and that the provision as to payment meant that estimates should be made of all work done in the building and material furnished by the contractor on the premises, and that the provision in the specifications as to payment constituted no part of the specifications as to the building, but had been put in merely for the information of bidders, supported a judgment for the plaintiff.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. ☞354; Trial, Cent. Dig. § 859.]

Error from District Court, Upshur County; R. W. Simpson, Judge.

Action by W. C. Barnwell against the Title Guaranty & Surety Company and another. Judgment for plaintiff, and the surety company brings error. Affirmed.

Dabney & Townsend, of Dallas, for plaintiff in error. Warren & Briggs, of Gilmer, and Ross & Zumwalt, of Dallas, for defendant in error.

HODGES, J. This is a suit against the contractor and the surety on his bond to recover damages for the breach of a building contract. The case was tried before the court without a jury, and a judgment rendered in favor of W. C. Barnwell, defendant in error, plaintiff below. The surety alone appeals.

[1] The court filed findings of fact and conclusions of law, which are not here objected to. It is insisted that the judgment rendered against the surety is erroneous for two reasons: First, because the testimony showed that the owner and contractor, without the knowledge of the surety, made a material and substantial change in the original contract, consisting of the substitution of tile for brick in the construction of the walls of the building. Second, because the owner made a payment of $1,405 to the contractor, in violation of the terms of the original contract as to the conditions under which such payment should be made.

As to the first proposition, the court made the following findings of fact:

"I find that the plans and specifications contemplated a building whose outer walls were to be of solid brick, the outside to be of faced brick, and the inside or backing to be of common brick; that in the building as constructed the outer walls are constructed, the outside of faced brick, the inside or backing of tile: that the tile used is made of the same material and in the same way as common brick, and in fact is brick, only larger than common brick, and has a hollow in it, whereas common brick are solid; that the tile is just as good and serves the same purpose in building of this kind as common brick. The tile is laid in the same mortar and by the same bricklayers as common brick, and by using the tile instead of common brick the building costs a little less. The walls are of same thickness and dimensions as specified in the plans and specifications, and no additional work was required. I find that in the construction of the building no substantial or material changes were made from the plans and specifications."

Upon those facts the court concluded:

"That no material or substantial changes in the building were made, and the slight change made in the material mentioned was authorized by the contract."

These findings and conclusions, being unobjected to, must be accepted as true in the determination of this question, and the assignment is accordingly overruled.

[2] The specifications contained the following provision:

"Payments on account of work executed will be made each week in direct proportion of the work to total labor and materials furnished and worked into building. Such payments, however, may be less 25 per cent. of such estimates at option of owner," etc.

The testimony showed that the contractor had assembled upon the premises about $1,900 worth of material and demanded of the supervising architect an estimate in order that he might draw 75 per cent. in payment as provided for in the contract. The plaintiff in error relies upon the quotation above made as the stipulation which prohibited payments being made for material until it had been worked into the building. The architect testified as follows:

"There is usually reference made in the specifications as to how payments will be made, how often estimates will be made, for the guidance of people bidding on the job, so they will know whether they are going to get their money weekly, semimonthly, monthly, or at the completion

---

of the work. That is the purpose for which that paragraph is put in the specifications."

It appears that the contract, as construed by the supervising architect, authorized this character of payment. The contract contains this provision:

"Each two weeks during the life of this contract and progress of work the architect shall make estimates of actual work done and material furnished, * * * and issue his certificate for 75 per cent. of the actual cost of the labor and material done and furnished, and owner shall pay same upon said estimates in lawful money of the United States."

The court in his findings says:

"That the amount paid to the corporation (meaning the contractor) was upon due and proper estimate made by the architect as provided for in the contract and the amounts paid out by Barnwell for labor and material after he took -charge and to the amount paid under the contract for special work were all necessary to the completion of the building. * * * With reference to payments on estimates, I find there is no conflict between the clause in the contract and the clause in the specifications; that the architect, J. Dawson Matthews, construed the clause in the specifications to mean that estimates should be made of all work done in the building, and material furnished by the contractor on the premises, and it was so intended by the parties. I further find that the clause as to payment in the specifications constituted no part of the plans or specifications of the building, and was only put in the specifications for information to those submitting bids for construction of the building."

Those findings, we think, sufficiently support the judgment rendered, and it is, accordingly, affirmed.